SHEPPARD MULLIN RICHTER & HAMPTON LLP
Tyler E. Baker (NJ 44392011)
tbaker@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700

Yasamin Parsafar (admitted *pro hac vice*)
yparsafar@sheppardmullin.com
Four Embarcadero Center, Seventeenth Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100

Michael Hopkins (admitted *pro hac vice*)
mhopkins@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: 858-720-8900

*Attorneys for Defendant Hogg Outfitters, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERMOS L.L.C., | Case No. 2:22-cv-6399 SRC (JRA) |
| Plaintiff, | |
| v. | **Motion date: January 17, 2023** |
| | **Oral Argument Requested** |
| HOGG OUTFITTERS, LLC, | |
| Defendant. | *Document Filed Electronically* |

## DEFENDANT HOGG OUTFITTERS, LLC'S MEMORANDUM
## OF LAW IN SUPPORT OF ITS MOTION TO PARTIALLY DISMISS
## PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ...........................................................................................1

II.  PROCEDURAL HISTORY ...........................................................................2

III.  STATEMENT OF FACTS ............................................................................2

    A.  Plaintiff's Infringement Allegations ....................................................2

        1.  Plaintiff's Direct Infringement Allegations ...............................4

        2.  Plaintiff's Allegations Directed to Inducement .........................4

        3.  Plaintiff's Allegations Directed to Contributory Infringement ................................................................................5

        4.  Plaintiff's Allegations Directed to Willful Infringement...........5

IV.  ARGUMENT.................................................................................................6

    A.  Legal Standards ...................................................................................6

    B.  Thermos' Complaint Fails to Plead Direct Infringement of the '269 Patent........................................................................................7

    C.  Thermos' Complaint Fails to Plausibly Allege Induced, Contributory, and Willful Infringement of the '269 Patent because it Fails to Plausibly Allege Direct Infringement ..................13

    D.  Thermos' Complaint Fails to Plausibly Allege Induced Infringement of Either Asserted Patents Because it Lacks Factual Allegations to Show Specific Intent to Induce Infringement ......................................................................................14

    E.  Thermos' Conclusory Allegations of Contributory Infringement of Both Asserted Patents is Deficient and Fails to Plead the No Non-infringing Alternatives Requirement ..........................................19

    F.  Thermos' Complaint Fails to Plead Willful Infringement of Either Patent-in-Suit because it Lacks Factual Allegations that Hogg's Conduct Rose to the Level of Egregiousness Necessary to Support an Award of Enhanced Damages .....................................22

V.  CONCLUSION.............................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*All Weather Armour, LLC v. Art of Gutter, Inc.*
No. 19-17150, 2020 WL 9720067 (D.N.J. June 23, 2020) ...............................16

*Artrip v. Ball Corp.*
735 F. App'x 708 (Fed. Cir. 2018) ..............................................................20, 21

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)....................................................................1, 2, 7, 16, 20

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)...............................................................................1, 2, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*
681 F.3d 1323 (Fed. Cir. 2012) ...................................................................20, 21

*Bot M8 LLC v. Sony Corp. of Am.*
4 F.4th 1342 (Fed. Cir. 2021) .......................................................11, 12, 13, 25

*Cellcontrol, Inc. v. Mill Mountain Cap., LLC*
No. 7:21-246, 2022 WL 598752 (W.D. Va. Feb. 28, 2022)..............................24

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*
2:16-cv-00857-RCJ-VCF, 2016 WL 4521682 (D. Nev. Aug. 29, 2016)...........25

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*
888 F.3d 1256 (Fed. Cir. 2018) .............................................................................6

*DSU Med. Corp. v. JMS Co.*
471 F.3d 1293 (Fed. Cir. 2006) ..............................................................14, 15

*Finjan, Inc. v. Cisco Sys. Inc.*
No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ..............24

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*
579 U.S. 93 (2016)..........................................................................22, 23, 25

*iFIT Inc. v. Peloton Interactive, Inc.*
No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ...........................23

*Intellectual Ventures I, LLC v. Symantec Corp.*
234 F. Supp. 3d 601 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) ...................................................................................................24

*Memory Integrity, LLC v. Intel Corp.*
144 F. Supp. 3d 1185 (D. Or. 2015) ..................................................................17

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*
472 F. Supp. 3d 377 (E.D. Mich. 2020) ......................................................18, 26

*NovaPlast Corp. v. Inplant, LLC*
No. 20-7396 (KM) (JBC), 2021 WL 389386 (D.N.J. Feb. 3, 2021)
................................................................................................6, 7, 8, 10, 13

*OANDA Corp. v. GAIN Capital Holdings, Inc.*
No. 3:20-cv-05784-BRM-DEA, 2021 WL 1186778 (D.N.J. Mar. 30, 2021)
...........................................................................................................passim

*Otsuka Pharm. Co., LTD. v. Torrent Pharms. Ltd., Inc.*
99 F. Supp. 3d 461 (D.N.J. 2015)................................................................14, 17

*Robern, Inc. v. Glasscrafters, Inc.*
206 F. Supp. 3d 1005 (D.N.J. 2016)....................................................................7

*Signify N. Am. Corp. v. Axis Lighting, Inc.*
No. 19cv5516 (DLC), 2020 WL 1048927 (S.D.N.Y Mar. 4, 2020) .................24

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*
2014 WL 3345618 (D.N.J. July 7, 2014) ........................................17, 18, 20, 22

*Susan McKnight, Inc. v. United Indus. Corp.*
273 F. Supp. 3d 874 (W.D. Tenn. 2017) ...........................................................24

*Takeda Pharms. USA, Inc. v. West-Ward Pharm. Corp.*
72 F. Supp. 3d 539 (D. Del. 2014)....................................................................14

*Telebrands Corp. v. Everstar Merch. Co., Ltd*
2018 WL 585765 (D.N.J. Jan. 29, 2018)......................................................17, 21

*Vita-Mix Corp. v. Basic Holding, Inc.*
581 F.3d 1317 (Fed. Cir. 2009) ........................................................................16

*Zipit Wireless, Inc. v. LG Electronics U.S.A., Inc.*
    2022 WL 170864 (D.N.J. Jan. 18, 2021)......................................................21, 22

Statutes

35 U.S.C. § 271(b) .................................................................................16

35 U.S.C. § 271(c) .................................................................................19

Patent Act § 284.....................................................................................22

Other Authorities

Federal Rule of Civil Procedure 12(b)(6) ............................................1, 6

Federal Rule of Civil Procedure 84 .........................................................7

Defendant Hogg Outfitters, LLC ("Hogg"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint filed by Plaintiff Thermos L.L.C. ("Thermos") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

Thermos' skeletal Complaint claims that Hogg directly, indirectly, and willfully infringes two patents, U.S. Patent Nos. 8,550,269 (the "'269 patent") and D675,060 (the "'060 patent") (collectively, "Asserted Patents"), but it fails to satisfy the Supreme Court's pleading standards set forth in *Twombly* and *Iqbal*. Specifically, Plaintiff fails to plausibly allege direct infringement of the '269 patent because it does not relate the accused device to each element of at least one asserted claim, as required to state a claim for infringement.  Because Plaintiff's direct infringement claim fails, so too do its indirect infringement claims, both contributory and inducement, as to the '269 patent.  Accordingly, Count I should be dismissed in its entirety.

Moreover, Plaintiff's allegations of indirect infringement of *both* Asserted Patents merely recite legal elements of the claims without any specific facts to support these elements.  For example, there are no facts in the Complaint regarding Hogg's specific intent to induce infringement, which is fatal to the inducement claims.  Nor are there facts that allow an inference that the accused products have

no substantial non-infringing uses, which is fatal to the contributory infringement claims.  These conclusory allegations do not come close to satisfying the pleading requirements of *Twombly* and *Iqbal*.  Indeed, Courts in this district regularly dismiss indirect infringement claims with similar threadbare and perfunctory pleadings.

Finally, the Complaint fails to allege facts that create a plausible inference of willfulness as to either patent. To the contrary, the Complaint acknowledges that Hogg stopped selling the accused product a few months after it allegedly received a cease and desist letter.  Count II should be dismissed as to the claims of indirect and willful infringement.

## II.     PROCEDURAL HISTORY

Thermos filed its Complaint on November 1, 2022, alleging infringement of the '269 patent (Count I) and the '060 patent (Count II).  Hogg responds to the Complaint by this Motion seeking dismissal of Count I in its entirety and partial dismissal of Count II.

## III.    STATEMENT OF FACTS

### A.      Plaintiff's Infringement Allegations

The Asserted Patents are directed to lids for drink containers.  *See, e.g.,* '060 patent (entitled "Lid for Drink Container").  Thermos alleges that Hogg's 12 oz.

Sippy Cup with "removable lid" ("Accused Product") infringes claims 1-14 of the '269 patent and claim 1 of the '060 patent. *See* D.I. 1 at ¶ 19-20.

Thermos acknowledges that Hogg is no longer selling the Accused Product after Thermos sent Hogg a cease and desist letter in September 2021. *See id.*, ¶ 25-27 (alleging that after "Thermos sent Hogg a cease-and-desist letter" on "September 13, 2021, Hogg continued to sell its Sippy Cup *for months thereafter*" (emphasis added)).

The totality of Plaintiff's direct infringement, indirect (inducement and contributory) infringement, and willfulness allegations as to both patents are contained in 15 paragraphs of the Complaint and two attached claim charts—one chart for each patent. D.I. 1 at ¶¶ 19-33, Exs. 3 and 4. Two of these 15 paragraphs simply refer to the Exhibits. Five (5) of these 15 paragraphs are allegations "on information and belief." D.I. 1 at ¶¶23-24, 26, 28-29. One paragraph purportedly describes the Accused Product in four sentences. Two paragraphs allege Hogg had pre-suit knowledge of the Assert Patents and alleged infringement by way of a September 13, 2021 cease-and-desist letter that Thermos references but which is not included with the Complaint. *Id.* at ¶25, 30. The remaining five (5) paragraphs consist merely of conclusory assertions that are recitations of elements of direct (*id.* at ¶ 19), inducement (*id.* at ¶ 31), contributory (*id.* at ¶ 32), and willful infringement (*id.* at ¶ 27, 33), without any facts.

1.   <u>Plaintiff's Direct Infringement Allegations</u>

Plaintiff's direct infringement allegations consist of a total of four paragraphs: one paragraph that recites the elements of a direct infringement claim (*id.* at ¶ 19), one paragraph that purports to describe the Accused Product in four sentences (*id.* at ¶20), and two paragraphs that simply allege that the claim charts in Exhibit 3 ('269 patent) and Exhibit 4 ('060 patent) demonstrate infringement (*id.* at ¶¶21-22). The Complaint and Exhibit 3 are devoid of any factual allegations regarding claims 2-14 of the'269 patent.

Exhibit 3 purports to map features of the Accused Product to some of the elements of claim 1 of the'269 patent, but it fails to do so for *numerous* limitations. For example, Exhibit 3 fails to identify the features of the Accused Product that relate to the following elements of claim 1: the "enclosed channel," the "sliding element," and "a sliding arm slidably mounted within said channel . . . said sliding arm being enclosed within said enclosing structure to prevent contact with said sliding arm by a user."

2.   <u>Plaintiff's Allegations Directed to Inducement</u>

Plaintiff's allegations of induced infringement of both patents simply parrot elements of the claim, allege "on information and belief" that Hogg intended and "actively encouraged" resale and use of its products on its website (*id.* at ¶¶ 28-29), and conclude that Hogg induced others to infringe (*id.* at ¶¶ 31).  The

Complaint is devoid of any facts regarding Hogg's specific intent to induce infringement.

        3.    <u>Plaintiff's Allegations Directed to Contributory Infringement</u>

For its contributory infringement claims, the Complaint includes one paragraph with a conclusory assertion that "Hogg has knowingly contributed to infringement" by others of the Asserted Patents (D.I. 1 at ¶¶ 32), and two paragraphs reciting the elements of the claim—one paragraph for each patent (*id.* at ¶¶ 37, 45). The Complaint is devoid of any facts regarding a lack of substantial non-infringing uses, which is required to plead contributory infringement.

        4.    <u>Plaintiff's Allegations Directed to Willful Infringement</u>

Plaintiff alleges willful infringement on the grounds that "[d]espite knowledge of its infringement of the Asserted Patents no later than September 13, 2021, Hogg continued to sell its Sippy Cup *for months thereafter*." *See* D.I. 1 at ¶ 27 (emphasis added). The Complaint is devoid of any facts that plausibly allege egregious, culpable behavior rising to the level of willful infringement. To the contrary, on its face the Complaint alleges behavior that is inconsistent with willfulness—it acknowledges that Hogg is no longer selling the Accused Product, and stopped selling it a few months after receiving a cease and desist letter in September 2021. The Complaint also fails to explain that after Thermos sent its September 2021 letter, Hogg engaged in good faith settlement negotiations with

Thermos to avoid unnecessarily burdening the Court and the parties with this litigation.  The parties were unable to settle Thermos' claim even though their proposals were only $40,000 apart.  Nevertheless, Thermos decided to bring this case for which it requested less than $75,000 during the parties' pre-suit discussions.

## IV.   ARGUMENT

### A.   Legal Standards

"Generally, district courts adjudicating patent cases apply the law of the Federal Circuit, where the matter 'is intimately involved with the substance of patent laws.'"  *NovaPlast Corp. v. Inplant, LLC*, No. 20-7396 (KM) (JBC), 2021 WL 389386, at *4 (D.N.J. Feb. 3, 2021) quoting *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012)).  "However, the question of whether to grant a Rule 12(b)(6) motion, 'is a purely procedural question not pertaining to patent law,' to which the Federal Circuit applies the rule of the regional circuit." *NovaPlast*, 2021 WL 389386, at *4 (quoting *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)); *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018) ("We review procedural issues, including the grant of a motion to dismiss, according to the law of the respective regional circuit.").

"In *Robern, Inc. v. Glasscrafters, Inc.*, this Court held as a matter of first impression that the *Iqbal*/*Twombly* standard applies to complaints alleging patent infringement after the abrogation of Federal Rule of Civil Procedure 84 and patent pleading Form 18." *NovaPlast*, 2021 WL 389386, at *4 (citing 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016)).  Under this standard, the necessary factual allegations must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A claim must be dismissed if the allegations do not allow the "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.    Thermos' Complaint Fails to Plead Direct Infringement of the '269 Patent

Thermos's claim for direct infringement of the '269 patent must be dismissed because it fails to plausibly allege that any single Hogg product infringes at least one claim of the '269 patent.  "The Third Circuit has made it clear that Rule 8 'requires a 'showing' rather than a blanket assertion of an entitlement to relief.'" *NovaPlast*, 2021 WL 389386, at *7 (quoting *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)).  "Relying on such precedent, this District Court. . . [has] held that a complaint alleging patent infringement must 'relate factual assertions to the pertinent claims' of the patent-in-suit." *Id.* at *7 (citation and

quotation omitted).  Specifically, "[t]he complaint must allege that the accused

product infringes on 'each and every element of at least one claim' of the

plaintiff's patents either 'literally or equivalently.'"  *OANDA Corp. v. GAIN

Capital Holdings, Inc.*, No. 3:20-cv-05784-BRM-DEA, 2021 WL 1186778, at *10

(D.N.J. Mar. 30, 2021) (citation omitted).  "Without such facts relating the features

of the accused products to the patent claims, there is no *showing* of an entitlement

to relief."  *NovaPlast*, 2021 WL 389386 at *7.  That is the case here.

    While the Complaint alleges that Hogg infringes claims 1-14 of the '269

patent (D.I. 1 at ¶ 19), the only factual allegations in the Complaint relate to claim

1.  Thermos attaches a claim chart (Exhibit 3) to the Complaint that purports to

relate features of the accused product to the elements of claim 1.  Exhibit 3 consists

of the claim language in one column and screenshots of pictures of what purport to

be Hogg's allegedly infringing Sippy Cup in the other.  While it is true that

"screenshots alone may adequately allege how a product infringes a patent claim,"

this is only the case "if they entail adequate descriptions that relate to *each and*

*every element* of the claim."  *OANDA*, 2021 WL 1186778, at *10 (emphasis

added).  Thermos fails to meet that standard.

    Like Thermos, in *OANDA*, the patentee provided a claim chart with

screenshots as an attachment to the complaint.  *Id.* at *9.  The *OANDA* court held

that "the screenshots in the Complaint fail to clarify how each element of the claim

corresponds to the component(s) in the screenshots." *Id.* at *10.  Specifically, the court explained that "[c]laim 1(e) of the '336 patent involves 'a pricing engine' and 'an interest rate manager'. . ., but nothing in the adjoining three screenshots identifies which of them or which component(s) of them corresponds to such pricing engine or interest rate manager." *Id.* (citations omitted).

Thermos' claim chart has similar fatal flaws.  For example, Thermos fails to identify the features of the accused product that relate to the recited "enclosed channel" and "sliding element," elements of claim 1 as shown in the screenshots from Exhibit 3 below:





D.I. 1 at Ex. 3, 3-2, 3-3 (yellow highlighting in claim language added).  As in *OANDA*, "nothing in the adjoining [picture] identifies . . . which component(s) of [the accused product] corresponds to such" enclosed channel or sliding element limitations.  *See OANDA*, 2021 WL 1186778, at *10.  Thus, Thermos' claim chart "fails to allege factually that each and every element of. . . claim [1] is met," and "[t]he Complaint does not cure this deficiency with supplementary explanations." *See id.*  Nowhere does the Complaint even allege that Hogg's Sippy Cup contains the "enclosed channel" or "sliding element" limitations.  Thermos has therefore failed to provide the required "*showing* of an entitlement to relief." *NovaPlast*, 2021 WL 389386 at *7.

The issues regarding Thermos' lack of allegations for the "enclosed channel" limitation is compounded when looking at Thermos' conclusory and vague allegations regarding subsequent limitations that rely upon the "enclosed channel" limitation.  Specifically, Thermos' Complaint fails to plausibly allege infringement of the limitation requiring "a sliding arm slidably mounted within said channel . . . said sliding arm being enclosed within said enclosing structure to prevent contact with said sliding arm by a user."  Copied below is Thermos' sole allegation for this limitation:



| a button mounted within said button tunnel of said inner lid so as to be movable between a lock position and an unlock position, said button including a sliding arm slidably mounted ==within said channel== within said enclosing structure of said inner lid, said sliding arm being ==enclosed within said enclosing structure to prevent contact with said sliding arm by a user,== said sliding arm undergoing translational movement within said enclosed channel during movement of said button between said lock position and said unlock position; |

*See* D.I. 1 at Ex. 3, 3-3 (yellow highlighting in claim language added).  Although

Thermos identifies points in the purported pictures of Hogg's Sippy Cup it alleges

are a "sliding arm," Thermos does not provide any allegation or factual support for

how that "sliding arm" is (1) "slidably mounted within said channel," at least

because Thermos fails to identify a "channel," or (2) "enclosed within said

enclosing structure to prevent contact with said sliding arm by a user."  Rather,

Thermos merely copies the claim language.  This "mere recitation of claim

elements and corresponding conclusions, without supporting factual allegations, is

insufficient to satisfy the *Iqbal/Twombly* standard."  *Bot M8 LLC v. Sony Corp. of*

*Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021).

In *Bot M8*, the Federal Circuit affirmed the district court's holding that the

patentee failed to plausibly allege infringement where it alleged some, but not all,

limitations.  *Id.*  Specifically, although the patentee alleged the accused product

"contains multiple storage media and multiple authentication programs" (two of the required limitations), the patentee's allegations "do not plausibly allege that gaming information and a *mutual* authentication program are stored together on the same memory" (another required limitation). *Id.* This was because the allegations "failed to offer factual allegations that . . . the [accused product] actually stores the gaming information and mutual authentication program together" and "never says which [storage component] satisf[ies] the mutual authentication limitation." *Id.* Similarly, here, although Thermos alleges the presence of a "sliding arm" it never identifies a "channel" within which it is slidably mounted or explains how the "sliding arm" is "enclosed" in a manner that "prevent[s] contact with said sliding arm by a user." Thus, as in *Bot M8*, Thermos' allegations do not plausibly allege infringement.

In fact, Thermos' allegations are inconsistent with the language of the claim. The *Bot M8* court held that the patentee failed to plausibly plead infringement for yet another patent where "the factual allegations are actually *inconsistent* with and contradict infringement." *Id.* at 1354. Here, the claims require that the "sliding arm" is "enclosed within said enclosing structure." However, various screenshots in Thermos' claim chart show that the purported "sliding arm" is *not* "enclosed within said enclosing structure":



Thus, "[w]here, as here, the factual allegations are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim." *See Bot M8*, 4 F.4th at 1354.

### C. Thermos' Complaint Fails to Plausibly Allege Induced, Contributory, and Willful Infringement of the '269 Patent because it Fails to Plausibly Allege Direct Infringement

Because, as set forth in Section IV.B, Thermos fails to plausibly allege direct infringement of the '269 patent, its claims for inducement, contributory, and willful infringement "must also fail." *Novaplast,* 2021 WL 389386 at *8 (citing *Linear Tech. Corp. v. Impala Linear Corp.,* 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("'Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.' There can be no inducement or contributory infringement without an underlying act of direct infringement."). Thermos' threadbare allegations of secondary liability and willful infringement as to both Asserted Patents fail for the additional reasons described below.

**D.      Thermos' Complaint Fails to Plausibly Allege Induced Infringement of Either Asserted Patents Because it Lacks Factual Allegations to Show Specific Intent to Induce Infringement**

A plaintiff asserting an induced infringement claim "must plead facts raising a plausible inference that: '(1) Defendants knowingly induced a third party to perform specific acts; (2) Defendants specifically intended for the induced acts to infringe the asserted patents; and (3) as a result of the inducement, the third party directly infringed the asserted patents.'" *OANDA*, 2021 WL 1186778, at *11 (quoting *Nasdaq, Inc. v. IEX Grp.*, No. 18-3014-BRM-DEA, 2019 U.S. Dist. LEXIS 1626, at *36 (D.N.J. Jan. 4, 2019)).  The relevant inducement inquiry is whether the alleged infringer gave "instructions" to "'actively teach an infringing use of the product such that courts can infer from those instructions an affirmative intent' that the product be used to infringe." *Otsuka Pharm. Co., LTD. v. Torrent Pharms. Ltd., Inc.*, 99 F. Supp. 3d 461, 484 (D.N.J. 2015) (citing *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 n.2 (Fed. Cir. 2009)).  This is because the induced infringement claim "premises liability on purposeful, culpable expressions and conduct" and "clear expression or other affirmative steps taken to foster infringement" by third parties.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations omitted); *see also Takeda Pharms. USA, Inc. v. West-Ward Pharm. Corp.*, 72 F. Supp. 3d 539, 543 (D. Del. 2014) ("The inducement rule . . . premises liability on purposeful, culpable expressions and

conduct . . .").  A complaint must include facts that plausibly allege "the state of mind requirement for inducement," including that the infringer possessed a "specific intent to encourage another's infringement."  *DSU Med. Corp.*, 471 F.3d at 1306.  Thermos' Complaint fails to do so.

The three paragraphs in the Complaint's fact section that purport to relate to Thermos' induced infringement claims are shown below:

> 28.    Since at least September 13, 2021, Hogg has indirectly infringed claims 1–14 of the '269 Patent and claim 1 of the '060 Patent. Hogg has actively and knowingly induced third parties, such as retailers, distributors, and consumers, to make, use, sell, and/or offer to sell Hogg's Sippy Cup. On information and belief, Hogg has sold Hogg's Sippy Cup to retailers and distributors with Hogg's knowledge and intent that such retailers and distributors will resell the Sippy Cup to consumers.

> 29. On information and belief, Hogg actively encouraged retailers, distributors, and consumers to use, sell, and/or offer to sell Hogg's Sippy Cup by advertising the Sippy Cup on its website.

> * * *

> 31.    Hogg has knowingly induced infringement by end users and possessed specific intent to encourage the end users' infringement since at least September 13, 2021.

D.I. 1 at ¶¶ 28, 29, 31.

Following these paragraphs, Thermos concludes that: "Hogg has been or is inducing infringement of the '269 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Hogg's Sippy Cup in violation of 35 U.S.C. § 271(b)."  D.I. 1 at ¶ 36; *id.*, ¶ 44 (same for '060 patent).

Again, Thermos's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Thermos fails to allege facts supporting a plausible inference that Hogg specifically intended to induce infringement. The only facts that Thermos alleges in support of its induced infringement claims are that Hogg received pre-suit notice of alleged infringement by the Accused Product, that it advertised the Accused Product on its website, and that it sold the Accused Product to third parties. That is not sufficient.

As an initial matter, "mere knowledge of possible infringement will not suffice" to support an inference of specific intent. *See OANDA*, 2021 WL 1186778, at *32; *see also Vita-Mix*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (holding it was insufficient to prove induced infringement where patentee merely "establishes that [defendant] knew of the patent, and argues that [defendant] knew of its products' potentially infringing use, but goes no further"); *All Weather Armour, LLC v. Art of Gutter, Inc.*, No. 19-17150, 2020 WL 9720067, at *2 (D.N.J. June 23, 2020) ("Additionally, Plaintiff's mere conclusory statement that Defendant 'knew' its products would infringe the [Asserted] Patent is insufficient to demonstrate specific intent to induce infringement.") (citation omitted).

With respect to Hogg's sales on its websites, Thermos' allegations, at most, "only establish that [Hogg] described features of the company's own products" and

"evince ordinary acts incident to product distribution rather than purposeful, culpable expression and conduct."  *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1196 (D. Or. 2015) (citations omitted) (dismissing inducement claim).

Courts in this district have routinely held that mere allegations of marketing and sales of accused products, or "encouraging" the purchase of accused products, are insufficient to plead induced infringement.  For example, in *Telebrands Corp. v. Everstar Merch. Co., Ltd*, the Court held that allegations of "encouraging, marketing and promoting the use, manufacture, importation, offer for sale, and sale of the allegedly infringing products" are "facially insufficient and would not survive a motion to dismiss."  No. 17–2878 (JLL) (JAD), 2018 WL 585765, at *5-6 (D.N.J. Jan. 29, 2018) (denying request for leave to add induced infringement allegations to complaint).  Similarly, in *Otsuka Pharm. Co. v. Zydus Pharms. USA*, the Court held that allegations that defendants "recommend, suggest, encourage and/or instruct others to use [defendants'] generic products in a manner that infringes" are insufficient to allege "[d]efendants' specific intent or any specific acts taken to encourage such infringement."  151 F. Supp. 3d 515, 521 (D.N.J. 2015) (dismissing induced infringement claims).  And in *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, even where the complaint alleged that "[d]efendants induced their customers to infringe the Asserted Patents by

instructing them how to use the Accused Products," the Court dismissed the inducement claims with prejudice because plaintiff's allegations did "not show[] that [d]efendants *specifically intended* for the induced acts to infringe the Asserted Patents."  No. 14-502 (JLL)(JAD), 2014 WL 3345618, at *2 (D.N.J. July 7, 2014); *see also OANDA*, 2021 WL 1186778, at *11 (D.N.J. Mar. 30, 2021) ("[Plaintiff's] allegation that [defendant] caused others to infringe the Patents-in-Suit is insufficient to show a specific intent, which requires more than just intent to cause the acts that produce direct infringement.") (citation omitted).

Thermos's Complaint has the same fatal flaw, and its inducement claims should also be dismissed.  *Straight Path.*, 2014 WL 3345618, at *2; *see also OANDA*, 2021 WL 1186778, at *11 ("Therefore, without pleading facts raising a plausible inference of [defendant's] specific intent, OANDA's induced infringement claim is not viable."); *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 385 (E.D. Mich. 2020) (concluding that plaintiff's allegations regarding defendant's "distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities . . . amount only to threadbare recitals of [the] cause of action's elements . . . which do not suffice to survive a motion to dismiss") (citation omitted).

E.     **Thermos' Conclusory Allegations of Contributory Infringement of Both Asserted Patents is Deficient and Fails to Plead the No Non-infringing Alternatives Requirement**

Thermos fails to plausibly allege Hogg's contributory infringement of at least one claim of any Asserted Patent.  Claims for contributory infringement are governed by 35 U.S.C. § 271(c), which states as follows:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c).  "A substantial noninfringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental' and is 'for purposes other than infringement.'"  *OANDA*, 2021 WL 1186778, at *12 (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018)).  "To state a claim for contributory infringement, Plaintiff must ***plead facts*** showing that: (1) Defendant[] knew that the Accused Products are material to practicing the invention and have no substantial non-infringing uses; (2) Defendant[] knew that the Accused Products were especially made or especially adapted to infringe the Asserted Patents; and (3) a third party used the Accused Products to directly infringe the product."  *Straight Path*, 2014 WL 3345618, at *3 (emphasis added) (citation omitted); *see also In re Bill of Lading Transmission &*

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (holding that "[t]o state a claim for contributory infringement, a plaintiff "must, among other things, plead *facts* that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.") (emphasis added).

Thermos' Complaint is devoid of facts allowing a plausible inference that the products that Hogg sold or offered for sale have no substantial non-infringing uses. The fact section of the Complaint merely concludes that "Hogg has knowingly contributed to infringement by retailers, distributors, and end users and knew of this infringing use since at least September 13, 2021." D.I. 1 at ¶ 32. And the two paragraphs in the claims that address contributory infringement (one paragraph per patent) merely parrot the elements of the claim:

> Hogg has been or is contributing to the infringement of the '269 Patent by selling or offering to sell Hogg's Sippy Cup, knowing it to be especially made or especially adapted for practicing an invention of the '269 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

*Id.*, ¶37; *see also id.*, ¶ 45 (same as to '060 patent).

As the Supreme Court has held, such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. In *Artrip v. Ball Corp.*, the Federal Circuit affirmed the district court's dismissal of the complaint without leave to amend because the complaint "did not *plausibly assert facts* to suggest that [defendant] was aware of

the patents or facts to suggest that the aluminum it supplied had no substantial non-infringing use." 735 F. App'x 708, 713 (Fed. Cir. 2018) (emphasis added). Instead, like Thermos, the *Artrip* complaint merely recited the elements of a contributory infringement claim:

> [T]he complaint recited that [defendant] acted despite "knowing [the accused product] to be especially made or especially adapted for . . . infringement" and that the [accused product] is "a material part" of the claimed invention that is not a "staple article" and is not "suitable for substantial noninfringing use" . . . .

*Id.* at 713. In *In re Bill of Lading*, the Federal Circuit affirmed dismissal of a contributory infringement claim where the Complaint failed to factually support allegations that the accused product had no substantial non-infringing uses. 681 F.3d at 1337-39.

Courts in this district routinely hold that failure to allege facts supporting each element of a contributory infringement claim must result in dismissal. For example, in *Telebrands*, the Court denied the patentee's request to add contributory infringement claims to the complaint because the complaint did "not allege[] any facts in support of [plaintiff's] claims for contributory infringement, let alone facts sufficient to establish the [] elements [of the claim], and instead refer to [the] claim in purely conclusory terms." *See* 2018 WL 585765, at *6. In *Zipit Wireless, Inc. v. LG Electronics U.S.A., Inc.*, the Court dismissed the contributory infringement claim because it "merely parrot[s] the claim elements . . . [and] failed to include

any facts in the Amended Complaint which support the inference that [defendant's] accused devices are not suitable for substantial non-infringing use." No. 20-01494 (KM) (JBC), 2022 WL 170864, at *11 (D.N.J. Jan. 18, 2021); *see also Straight Path*, 2014 WL 3345618, at *1 (dismissing contributory infringement claim where statements in the Complaint "merely parroted the language of the necessary elements" to support a contributory infringement claim.).

Here too, Thermos' failure to include facts supporting each element of the claim, including that the Accused Product is "not suitable for substantial non-infringing use," should result in dismissal. *See Zipit*, 2022 WL 170864, at *11.

F.     **Thermos' Complaint Fails to Plead Willful Infringement of Either Patent-in-Suit because it Lacks Factual Allegations that Hogg's Conduct Rose to the Level of Egregiousness Necessary to Support an Award of Enhanced Damages**

Section 284 of the Patent Act states that, in cases of infringement, "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The Supreme Court has clarified that while "there is no precise rule or formula" for awarding enhanced damages, it is "generally reserved for egregious cases of culpable behavior" that has "been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016). That is, the enhanced damages that can be awarded for willful infringement constitute a "punishment [that] should generally

be reserved for egregious cases typified by willful misconduct." *Id.* at 106.

Thermos' Complaint fails to include any factual allegations that create a plausible

inference of egregious, willful misconduct.  The Complaint merely alleges that

Hogg continued to sell the Accused Produce for some months after Thermos put

Hogg on notice of infringement via a September 13, 2021 cease and desist letter

and concludes that such sales "constituted willful infringement." *See* D.I. 1 at

¶¶ 25, 27; *id.* at 33 ("Hogg's infringement has been knowing, intentional, and

willful since at least September 13, 2021.").

The Complaint neither attaches the alleged cease and desist letter nor

includes facts regarding the level of detail set forth in the letter.  At least some

courts in the Third Circuit have held that a mere allegation of knowledge of the

infringement, without more, is insufficient to survive a motion to dismiss a

willfulness claim.  *See iFIT Inc. v. Peloton Interactive, Inc.*, No. 21-507-RGA,

2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) (dismissing willful infringement

claim because, "[e]ven if [plaintiff] had sufficiently alleged knowledge . . . .

'[k]nowledge of the asserted patent and evidence of infringement is necessary, but

not sufficient, for a finding of willfulness.  Rather, willfulness requires deliberate

or intentional infringement.") (quoting *Bayer Healthcare LLC v. Baxalta Inc.*, 989

F.3d 964, 988 (Fed. Cir. 2021)); *cf. Intellectual Ventures I, LLC v. Symantec Corp.*,

234 F. Supp. 3d 601, 612 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018)

("pre-suit knowledge alone is not sufficient to support a finding of willful infringement" and "[n]o reasonable jury could find willful infringement based on" plaintiff's allegation that defendant "has continued to update, produce, and sell [the accused product] even after this suit was filed").

These decisions are consistent with those of other federal courts around the country.  For example, in *Cellcontrol, Inc. v. Mill Mountain Cap., LLC*, the Court dismissed the willful infringement claim because plaintiff's allegations that defendant "failed to respond to the cease and desist letter and . . . continues to market the accused product . . . do not rise to the level of infringing conduct sufficiently egregious to state a claim for willful infringement."  No. 7:21-246, 2022 WL 598752, at *5 (W.D. Va. Feb. 28, 2022).  In *Finjan, Inc. v. Cisco Sys. Inc.*, the Court dismissed the willfulness claim where the complaint contained "no specific factual allegations about [defendant's] subjective intent, or any other aspects of [defendant's] behavior that would suggest its behavior was 'egregious.'" No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *see also Signify N. Am. Corp. v. Axis Lighting, Inc.*, No. 19cv5516 (DLC), 2020 WL 1048927, at *3 (S.D.N.Y Mar. 4, 2020) ("[A] plaintiff's pre-suit notice letter, on its own, does not support a finding of willful patent infringement"); *Susan McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 883 (W.D. Tenn. 2017) (dismissing willful infringement claim because the plaintiff provided "little more

than conclusory allegations of knowledge and infringement . . ., which are not enough to plausibly allege the level of 'egregious[ness]' required under *Halo*"); *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, 2:16-cv-00857-RCJ-VCF, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016) (dismissing willful infringement claim because "[a]s Justice Breyer stated, alleging that [the] [d]efendant only knew about the patent is insufficient to constitute willful infringement.").

Finally, the Complaint acknowledges that after receiving Thermos' letter, Hogg stopped selling the Accused Product. *See* D.I. 1 at ¶ 27 ("continued to sell its Sippy Cup *for months thereafter*" (emphasis added)).  It is not plausible that halting purportedly infringing sales within months of receiving a cease-and-desist letter rises to the level of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate," which is necessary for a finding of willful infringement. *See Halo*, 579 U.S. at 103-04.  To the contrary, these facts are inconsistent with a willfulness finding. *Bot M8 LLC*, 4 F.4th at 1354 ("Where, as here, the factual allegations are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim.").

Thermos' willful infringement allegations are "purely conclusory, and conclusory allegations are 'not entitled to be assumed true.'"  *See Mich. Motor*,

472 F. Supp. 3d at 384 (quoting *Iqbal*, 556 U.S. at 681.).  They should be

dismissed.

## V.    CONCLUSION

For all of the reasons discussed above, Hogg respectfully requests that the

Court dismiss Count I of the Complaint in its entirety and the induced,

contributory, and willful infringement claims of Count II of the Complaint because

Thermos fails to plausibly allege these claims.

Dated:  December 12, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By  s/ Tyler E. Baker

Tyler E. Baker
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700
tbaker@sheppardmullin.com

Yasamin Parsafar (admitted *pro hac vice*)
Four Embarcadero Center, Seventeenth Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
yparsafar@sheppardmullin.com

Michael Hopkins (admitted *pro hac vice*)
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: 858-720-8900
mhopkins@sheppardmullin.com

*Attorneys for Defendant Hogg Outfitters, LLC*

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]-Document Filing System, to all counsel of record on December 12, 2022

s/  Tyler E. Baker<br>
Tyler E. Baker