**RILEY SAFER HOLMES & CANCILA LLP**
A limited liability partnership formed in the State of Illinois
Brian J. Neff (bneff@rshc-law.com)
136 Madison Avenue, 6th Floor
New York, New York 10016
(212) 660-1000

Louis A. Klapp (lklapp@rshc-law.com)
Edgar Matias (ematias@rshc-law.com)
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700

*Attorneys for Plaintiff Thermos L.L.C.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERMOS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> HOGG OUTFITTERS, LLC <br><br> Defendant. | Civil Action No. 2:22-cv-06399-SRC-JRA <br><br> Motion Day: January 17, 2023 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

On December 12, 2022, Defendant Hogg Outfitters, LLC ("Hogg") filed a Partial Motion to Dismiss Plaintiff Thermos L.L.C.'s ("Thermos") Complaint (Dkt. 1) for patent infringement of U.S. Patent Nos. 8,550,269 ("the '269 Patent") and D675,060 ("the '060 Patent") (collectively, "Asserted Patents"). (Dkt. 14.) Specifically, Hogg moved to dismiss the direct, indirect, and willful patent

infringement claims of the '269 Patent, and the indirect and willful patent infringement claims of the '060 Patent (but not the direct patent infringement claim). (Dkt. 14–1 at 1–2.)

Pursuant to Local Civil Rule 7.1(d)(4), Thermos submits this statement in lieu of a submission of a formal brief. Thermos disagrees that the Complaint falls short of meeting the standards proscribed by *Twombly/Iqbal*. Rather, Hogg argues that Thermos must prove its case in the Complaint. This is not the legal standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (explaining that the plausibility standard "does not impose a probably requirement at the pleading stage").

However, to conserve judicial resources and avoid unnecessary motion practice, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Thermos filed an Amended Complaint (Dkt. 19) to provide additional factual allegations further supporting that Hogg directly infringed the '269 Patent, and indirectly and willfully infringed both of the Asserted Patents. (*See, e.g.*, Dkt. 19 ¶¶ 27, 29–31, 38–40, Exhibit 3.) To assist the Court, forms of the Amended Complaint and Exhibit 3 to the Amended Complaint indicating how the amended pleadings differ from the originals are attached as Exhibits A and B, respectively.[1] The Amended Complaint superseded the original Complaint and rendered it a nullity. *See Palakovic v. Wetzel*,

---

[1] In Exhibit B, a row is highlighted in red if text, labels, or images were deleted or highlighted in blue if text, labels, or images were added.

854 F.3d 209, 220 (3d Cir. 2017). Therefore, the Amended Complaint also mooted Hogg's Partial Motion to Dismiss. *Merrit v. Fogel*, 349 F. App'x 742, 749 (3d 2009) (amended complaint "would have rendered moot defendants' motion to dismiss"); *see also Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001) ("The filing of an amended complaint generally renders a pending motion to dismiss moot.") Therefore, Thermos respectfully asks this Court to deny Hogg's Partial Motion to Dismiss as moot.

Dated: January 3, 2023

Respectfully Submitted,

*/s/ Brian J. Neff*
Brian J. Neff (NJ Bar No. 056591993)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Telephone: (212) 660-1000
Fax: (212) 660-1001
bneff@rshc-law.com

Louis A. Klapp (*pro hac vice*)
Edgar Matias (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Fax: (312) 471-8701
lklapp@rshc-law.com
ematias@rshc-law.com

*Attorneys for Plaintiff Thermos L.L.C.*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served electronically via U.S. District Court ECF Document Filing System to all counsel of record on January 3, 2023.

                                          */s/ Brian J. Neff*
                                          Brian J. Neff